**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:26-cv-20767-GAYLES**

**JORGE ZUNIGA ORTIZ,**

     **Petitioner**,

**v.**

**PAMELA BONDI, Attorney General of**
**the United States, et al.,**

     **Respondents.**

_____/

**<u>ORDER</u>**

    **THIS CAUSE** comes before the Court on Petitioner Jorge Zuniga Ortiz's Petition for Writ of Habeas Corpus and Request for Order to Show Cause (the "Petition") against Respondents Pamela Bondi, Attorney General of the United States; Kristi Noem[1], Secretary of the United States Department of Homeland Security; Executive Office for Immigration Review; Todd Lyons, Acting Director of Immigration and Customs Enforcement; Garret Ripa, the Field Office Director of the Miami Office of Immigration and Customs Enforcement; and Roger Morris, Acting Warden of the Miami Federal Detention Center (together, "Respondents"). [ECF No. 1]. Petitioner challenges his detention at the Miami Federal Detention Center without being afforded an individualized bond determination. *See generally id*. Respondents filed a Response in Opposition to the Petition [ECF No. 6], to which Petitioner filed a Reply [ECF No. 7]. The Court has considered the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is **GRANTED IN PART**.

---

[1] Kristi Noem is no longer Secretary of the Department.

## I.  BACKGROUND

### A.  Petitioner's Immigration History in the United States

On June 3, 2013, Petitioner, a Honduran national, entered the United States without inspection and was apprehended by Customs and Border Protection ("CBP") upon his entry at the southern border. [ECF No. 6, Resp. in Opp., at 2]. CBP determined that Petitioner was illegally in the United States and took him into custody. *Id.* [ECF No. 6–1, Record of Deportable/Inadmissible Alien]. On June 4, 2013, the United States Department of Homeland Security ("DHS") determined that Petitioner was inadmissible and placed him in expedited removal proceedings under § 235(b)(1) of the Immigration and Nationality Act ("INA"). [ECF No. 6, Resp. in Opp., at 2]; [ECF No. 6–3, Notice and Order of Expedited Removal]; [ECF No. 6–4, Notice to Alien Ordered Removed/Departure Verification]. Then, on June 12, 2013, Petitioner was transferred to Immigration and Customs Enforcement ("ICE") custody. [ECF No. 6, Resp. in Opp., at 3].

On July 20, 2013, DHS issued a Notice to Appear (the "Notice") and initiated removal proceedings against Petitioner under Section 240 of the Immigration and Nationality Act ("INA"). [ECF No. 6–6, Notice to Appear, at 1]. The Notice alleges that Petitioner "entered the United States at or near Eagle Pass, TX, on or about 06/03/2013," and that Petitioner was "not admitted or paroled after inspection by an immigration officer." *Id.* Petitioner was ordered to appear before an immigration judge in San Antonio, TX, . . . to show why [he] should not be removed from the United States." *Id.*

On July 22, 2013, DHS determined that Petitioner may be released on a $7,500 bond. [ECF No. 6–7, Notice of Custody Determination]. Petitioner requested a redetermination of this custody decision by an Immigration Judge. *Id.* Then, on October 3, 2013, an Immigration Judge ordered

2

that Petitioner be released from custody on a $1,500 bond. [ECF No. 6–8, Order of the Immigration Judge with Respect to Custody].

Ten years later, Petitioner failed to appear at his hearing before the Miami Immigration Court on September 13, 2023, and was ordered to be removed *in absentia*. [ECF No. 6–9, Order of the Immigration Judge]. But on October 18, 2023, an Immigration Judge reopened Petitioner's case after he filed a Motion to Reopen. [ECF No. 6–10, Order of the Immigration Judge].

On January 7, 2026, the Florida Highway Patrol and ICE conducted a vehicle stop and encountered Petitioner. [ECF No. 6, Resp. in Opp., at 3]. He was then issued a warrant for his arrest and taken into ICE custody. *Id.*

To date, Petitioner remains in ICE custody at the Miami Federal Detention Center. [ECF No. 1, Petition, ¶¶ 14]; [ECF No. 1–1]. Petitioner has been residing in the country since June 2013, [ECF No. 1, Petition, ¶ 42], and he has an American child. *Id.* ¶ 43. Petitioner fears returning to Honduras. [ECF No. 6, Resp. in Opp., at 3]. Indeed, in an interview with U.S. Citizenship and Immigration Services, Petitioner was found credible for his fear. *Id.* Petitioner's asylum application has been pending since September 22, 2013. [ECF No. 1, Petition, ¶ 43].

### B.      Petitioner's Habeas Petition

On February 5, 2026, Petitioner filed his Petition for Writ of Habeas Corpus. [ECF No. 1]. Petitioner alleges three counts: violation of the INA (Count I); Violation of the Bond Regulations (Count II); and Violation of Due Process (Count III). *Id.* ¶¶ 51–62. Petitioner asks this Court to grant his Petition for Writ of Habeas Corpus or to order that he be provided an individualized bond hearing under 8 U.S.C. § 1226(a). *Id.* at 13. On February 26, 2026, Respondents filed a Response in Opposition to the Petition, arguing that Petitioner is not entitled to an individualized bond

hearing because Petitioner is detained under 8 U.S.C. § 1225(b)(2), not § 1226(a). [ECF No. 6, at 4–10]. On March 5, 2026, the Petitioner filed a Reply in Support of his Petition. [ECF No. 7].

## II.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . ." 28 U.S.C. § 2241(a). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). This Court has jurisdiction over challenges involving immigration detention as to whether Petitioner is detained subject to § 1225(b)(2) or § 1226(a). *See, e.g., Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (holding the Court has jurisdiction to decide whether petitioner is subject to § 1226(a) or § 1225(b)(2)); *Nguyen v. Parra*, No. 25-CV-25325-JB, 2025 WL 3451649, at *2 (S.D. Fla. Dec. 1, 2025) (same).

## III.   ANALYSIS

The core disagreement between Petitioner and Respondents is whether Petitioner is detained under § 1225(b)(2), and is thus ineligible for bond, or § 1226(a), which allows for release on bond. Section 1225(b) governs the inspection of applicants for admission, which is defined in § 1225(a)(1) as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." 8 U.S.C. § 1225. Detention for applicants for admission under § 1225(b)(2) is mandatory and, as such, an applicant for admission is ineligible for bond. *See, e.g., Nguyen*, 2025 WL 3451649, at *3 (citing *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025)).

In contrast to applicants seeking admission into the United States, "[§ 1226(a)] also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings. . . ." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1226(a) states

4

that a noncitizen already present in the United States "may be arrested and detained pending a decision on whether the alien is to be removed from the United States" and may be released on bond. 8 U.S.C. § 1226(a)(2). Thus, this statute "establishes a discretionary detention framework," *Gomes,* 2025 WL 1869299, at *2, unlike the mandatory detention framework of § 1225(b)(2). Importantly, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

On July 8, 2025, the DHS issued a notice to all ICE employees, indicating that any noncitizen in the United States who has not been formally admitted or paroled shall be considered an applicant for admission and shall be subject to § 1225(b)(2). *See, e.g., Merino, 2025 WL 2941609, at *3* (citing ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025)). Following this interpretation, the BIA held in *Matter of Yajure Hurtado* that an immigration judge had no authority to provide a bond hearing to a noncitizen, who had been living in the United States for years without admission or parole, because he is an applicant for admission under § 1225(b)(2), subject to mandatory detention. 29 I&N Dec. 216 (BIA 2025).

District Courts have overwhelmingly rejected the BIA's interpretation. "DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the country for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."[2] *Merino,* 2025 WL 2941609, at *3 (citing cases);

---

[2] The Court acknowledges the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 U.S. App. LEXIS 3899 (5th Cir. Feb. 6, 2026), which agreed with the government's position here. But that decision "distort[s] the statutory text, abstract[s] it from its context and history, ignore[s] the Supreme Court's clearly stated understanding of the statutory scheme, and wave[s] away the [government's] previous failure to detain millions of noncitizens as if it were a rounding error." *Id.* at *28 (Douglas, J., dissenting). Indeed, the Fifth Circuit's decision "is not binding here, and it contradicts the vast majority of district court opinions addressing the issue." *Lobovillalobos v. Hardin*, No. 2:26-cv-00446, 2026 U.S. Dist. LEXIS 45140, at *2 n.1 (M.D. Fla. Mar. 5, 2026).

*see also Puga*, 2025 WL 2938369, at *2 ("As explained, the statutory text, context, and scheme of section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so. Additionally, numerous courts that have examined the interpretation of section 1225 articulated by Respondents — particularly following the BIA's decision in *Matter of Yajure Hurtado* — have rejected their construction and adopted Petitioner's."); *Nguyen*, 2025 WL 3451649, at *3; *Ardon-Quiroz,* 2025 WL 3451645, at *7.

The Court agrees that the plain reading of the statute supports a finding that Petitioner, who has been living in the United States since 2013, is governed by § 1226(a) and not § 1252(b)(2). Petitioner is therefore entitled to a bond hearing under § 1226(a), and Count I is granted in part. The Court declines to reach the merits of Petitioner's due process claim in Count III, as the Court is granting in part the relief requested for Count I. *See, e.g.*, *Nguyen*, 2025 WL 3451649, at *4 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in other counts but allowing the petitioner to reassert its due process claim if the respondents do not provide a bond hearing); *Puga*, 2025 WL 2938369, at *6 (same). If Respondents do not comply with this Order by providing Petitioner a bond hearing under § 1226(a), Petitioner may renew his due process claim. Since Count III "is an unripe claim contingent on Petitioner not receiving a custody determination hearing under section 1226(a), 'the Court must dismiss it without prejudice[.]'" *Nguyen*, 2025 WL 3451649, at *4 (citing *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020)).

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)    Petitioner Jorge Zuniga Ortiz's Petition for Writ of Habeas Corpus and Request for Order to Show Cause, [ECF No. 1], is **GRANTED IN PART**. The Court finds that

Petitioner falls under 8 U.S.C. § 1226(a).

(2)      Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **April 2, 2026**, or otherwise release Petitioner.

(3)      Count III of the Petition is **DISMISSED WITHOUT PREJUDICE**.

(4)      This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of March, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE